**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MATTHEW FRANSEN,<br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD<br>COMPANY,<br><br>Defendant. | Case No. 1:25-cv-12433<br><br>Judge Mary M. Rowland |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Matthew Fransen ("Fransen") sues Defendant Union Pacific Railroad Company ("UPRR") for violating the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Before the Court now is UPRR's Motion to Transfer Venue to the Western Division of the United States District Court for the Northern District of Illinois. [5].

For the reasons below, the UPRR's Motion [5] is granted.

### I.   Background[1]

Fransen is a resident of Winnebago, Illinois. [6-1]; [16-6]. Winnebago is in Winnebago County, Illinois. [6-3]. UPRR is corporation headquartered in Omaha, Nebraska and incorporated in Delaware. [6-4].

---

[1]The Court may consider well-pleaded facts in the Complaint, as well as affidavits and other documents offered by the parties, in addressing a motion to transfer. *Nessi v. Honeywell Ret. Earnings Plan*, No. 24 C 6093, 2025 WL 623025, at *1 n.1 (N.D. Ill. Feb. 26, 2025).

1

According to his Complaint, in June 2024, Fransen was injured while working for UPRR at or near a UPRR yard located in Rochelle, Illinois. [1] ¶ 4. Rochelle is in both Ogle County and Lee County, Illinois. [6-3]. The parties do not dispute that Fransen's manager at the time of his injury was John Ewald ("Ewald"). [6]; [13]. Ewald is a resident of DeKalb, Illinois. [6-2]. DeKalb is in DeKalb County, Illinois. [6-3].

Following his injury, Fransen was treated by providers at Rochelle Community Hospital and Mercy Health Physical Therapy. [16-6]. Rochelle Community Hospital is in Rochelle, Illinois and Mercy Health Physical Therapy is in Rockford, Illinois. *Id.* Rockford is in both Ogle County and Winnebago County, Illinois. [6-3].

On October 10, 2025, Fransen brought this instant action against UPRR alleging that UPRR negligently provided him with a defective work vehicle that slipped out of park and ran over him. [1] ¶ 7. Fransen filed his lawsuit in Eastern Division of the Northern District of Illinois ("Eastern Division"). *Id.* The Eastern Division's courthouse is in Chicago, Illinois and serves the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, and Will. [6-5].

On November 7, 2025, UPRR moved to transfer this action to the Western Division of the Northern District of Illinois ("Western Division"). [5]. The Western Division's courthouse is in Rockford, Illinois and serves the Illinois counties of Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago. [6-6].

## II.    Analysis

2

UPRR seeks to transfer this case to the Western Division pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id*. Transferring a case is appropriate when "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Nalco Co. v. Envtl. Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). The party moving for transfer has the burden of establishing that their proposed forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "District courts have broad discretion to grant or deny" such a motion. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

The parties agree that venue is proper in the Eastern and Western Divisions. [6] at 3; [13] at 3. The Court, therefore, considers whether transfer would serve the convenience of parties and witnesses as well as the interest of justice. These considerations are often referred to as the "private interest factors" and the "public interest factors." *See e.g., Karp v. Silver Arch Cap. Partners, LLC*, No. 20 CV 0139, 2021 WL 492872, at *1 (N.D. Ill. Feb. 10, 2021).

### A. Private Interest Factors

When considering the convenience of the parties and witnesses, courts look to five factors: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5)

3

the convenience of the witnesses." *Holman v. AMU Trans, LLC*, No. 14 C 04407, 2015 WL 3918488, at \*3 (N.D. Ill. June 25, 2015) (citation omitted). The Court examines each in turn.

### 1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally entitled to substantial weight. *Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994). Less deference to the plaintiff's choice is afforded, however, where, as here, the conduct giving rise to plaintiff's action did not take place in the chosen forum or where the chosen forum is not the plaintiff's home forum. *Id.*; *Craik v. Boeing Company*, 37 F.Supp.3d 954, 960 (N.D.Ill.2013). Despite this principle, Fransen contends that special deference should nevertheless be given to his forum choice due to the FELA's venue provision, which states that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C § 56. According to Fransen, this provision "give[s] wide latitude to FELA plaintiffs in their choice of venue." [13] at 4.

Although at least one court in this district has adopted Fransen's view, *see Firkus v. Soo Line Railroad Co.*, No. 96 C 3714, 1996 WL 568803, at \*1 (N.D. Ill. Oct. 2, 1996), the majority of district courts have declined to give the plaintiff's choice of forum special consideration in a FELA case. *Castanon v. Illinois Cent. R.R. Co.*, No. 24-CV-10333, 2025 WL 2076733, at \*2 (N.D. Ill. July 23, 2025) (collecting cases). Absent any persuasive reason to the contrary, this Court follows the majority

4

approach and finds that the FELA's venue provision does not change the usual choice-of-forum analysis. As such, because Fransen lives in the Western Division and the events underlying this action occurred in the Western Division, Fransen's choice of forum is given less weight and points only slightly toward keeping this action in the Eastern Division.

### 2. Access to Sources of Proof

There is no reason to believe that this action will involve anything more than documentary evidence, which is equally accessible, via electronic means, in the Eastern and Western Divisions. *See Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, 240 F. Supp. 3d 848, 853 (N.D. Ill. 2016) (observing that this factor "has less important in recent years because documentary and digital evidence is readily transferable and transporting it generally does not pose a high burden upon either party.") (quotations omitted). Though UPRR maintains that a jury visit to the injury site in the Western Division is conceivable, the expense and coordination that such a visit would entail renders it all but impossible that it will occur. This factor is therefore neutral.

### 3. Situs of Material Events

"The situs of material events in a FELA case is the location where the accident causing the plaintiff's injuries occurred." *Castanon*, 2025 WL 2076733, at *2. Here, Fransen was injured while working at or near a UPRR yard located in Rochelle, Illinois, which is in the Western Division. [1] ¶ 4; [6-3]. While Fransen contends that UPRR has significant ties to the Eastern Division, including multiple yards, miles of

5

track, and corporate offices, [13] at 5, he fails to establish any connection between those facilities and the accident causing his injury. The situs of material events factor, therefore, favors transfer.

### 4. Convenience of the Parties

When considering the convenience of the parties, "the court should consider [the parties'] respective residences and their ability to bear the expenses of litigating in a particular forum." *Law Bull. Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). "[T]he moving party ... has the burden of showing that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Marshall v. Wexford Health Sources, Inc.*, No. 13 C 8678, 2014 WL 2536246, at *3 (N.D. Ill. June 5, 2014) (internal quotation marks omitted).

UPRR maintains that the Eastern Division is more inconvenient for it, asserting that its employee Ewald will be a critical witness in this matter and inconvenience for Ewald would by extension prevent him from completing his ordinary management duties with UPRR. [6] at 6. Fransen does not substantively dispute these assertions. [13] at 9. Ewald lives in Dekalb, Illinois, which is 64.5 miles from the Eastern Division's courthouse but only 43.2 miles from the Western Division's courthouse. [6-10]. The greater commute to the Eastern Division's courthouse plainly burdens Ewald and would interfere with his ability to perform management duties for UPRR.

Transfer to the Western Division also does not inconvenience Fransen. Indeed, Fransen lives 94.1 miles from the Eastern Division's courthouse but only 7.5 miles

6

from the Western Division's courthouse. [6-8]. While Fransen asserts that the Eastern Division is nonetheless more convenient for him, [13] at 4, he provides no reasons why this would be the case, only reinterring that he chose to file in the Eastern Division. *Id*. Without any substantive rebuttal, there is no reason to believe that the Western Division, which is 86.6 miles closer than the Eastern Division for Fransen, is inconvenient to him. This factor thus weighs in favor of transfer.

### 5. Convenience of Witnesses

"The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Bureau of Consumer Fin. Prot. v. Fifth Third Bank, Nat'l Ass'n*, No. 20-CV-01683, 2021 WL 534658, at *3 (N.D. Ill. Feb. 12, 2021) (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). "When evaluating the convenience of the witnesses, consideration may include the number of potential witnesses located in the two venues, the expense of transportation, the nature and necessity of the witnesses' testimony and whether the witnesses can be compelled to testify." *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, No. 12 C 7513, 2013 WL 951155, at *4 (N.D. Ill. Mar. 12, 2013). However, "the convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses." *Castanon*, 2025 WL 2076733, at *3 (citation omitted).

UPRR identifies three witnesses that it expects to testify in this matter: (1) Dr. Andrew E. Zwolski ("Dr. Zwolski"), who will testify as to his treatment of Fransen at Rochelle Community Hospital following his injury, (2) Dr. Gadini Delisca ("Dr.

7

Delisca"), who will also testify as to his treatment of Fransen at Rochelle Community Hospital, and (3) Ewald, who will testify as to Fransen's employment with UPRR, training and instruction provided to Fransen during his employment with UPRR, and applicable rules, regulations and orders of UPRR. [6] at 6. Fransen does not dispute necessity of these witnesses nor the nature of their testimony. [13]. Nor does he provide names of other witnesses who will be called to testify in this matter. *Id.*

Though all three witnesses are within the subpoena power of this Court, the Eastern Division is clearly more inconvenient for them. Rochelle Community Hospital,[2] for instance, is 81.7 miles from the Eastern Division's courthouse but only 26.4 miles to the Western Division's courthouse. [6-11]. Forcing Dr. Zwolski and Dr. Deliscato—both non-party witnesses—to commute an extra 55.3 miles to testify is a serious inconvenience, especially so given the demands of their profession. And although he is a party witness, the Eastern Division is also more inconvenient for Ewald. *Supra* § II.A.4. This factor too weighs in favor of transfer.

As Fransen's choice of forum is given diminished weight and all other non-neutral factors favor transfer, the private interest factors weigh in favor of transferring this case to the Western Division.

### B. Public Interest Factors

---

[2]Though UPRR does not provide the residential addresses of Dr. Zwolski or Dr. Delisca (perhaps because that information is currently unknown to it), given the nature of their profession, it is reasonable to use Rochelle Community Hospital as a proxy for their residence.

When considering the interest of justice, courts generally look to (1) relative "docket congestion and likely speed to trial;" (2) "each court's relative familiarity with the relevant law;" (3) "the respective desirability of resolving controversies in each locale," and (4) "the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). (citations omitted). The Court examines each in turn.

### 1. Docket Congestion

The Federal Court Management Statistics do not differentiate between the Eastern and Western Divisions. As such, any arguments with respect to either Divisions' docket congestion or time to trial are purely speculative. This factor, therefore, is neutral.

### 2. Familiarity with Relevant Law

Where a case is based on federal law, "a judge in a particular district has no inherent advantage over [a] judge in other districts." *F.T.C. v. Am. Tax Relief LLC,* No. 10 C 6123, 2011 WL 2893059, at *7 (N.D. Ill. July 20, 2011) (citation omitted). Because Fransen brings his action under the FELA—a federal statute—this factor too is neutral.

### 3. Local Interest and Relationship of the Community to the Controversy

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *First National Bank v. El Camino Resources., Ltd.*, 447 F.Supp.2d 902, 914 (N.D.Ill.2006) (citation omitted). Because this case involves an injury to a Western Division resident, arose from events taking place in the Western Division, and will

require participation by witnesses located in the Western Division, the Western Division has a strong relationship to the controversy and a significant interest in having it litigated there. *See e.g., Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL 984393, at *2 (N.D. Ill. Oct. 25, 1999) (local interest favored Wisconsin in a "case involv[ing] negligent conduct which occurred in Wisconsin and injured a Wisconsin citizen employed in Wisconsin"). Fransen's only rebuttal is that UPRR's substantial operations and workforce in the Eastern Division give Eastern Division residents an interest in this controversy equal to that of Western Division residents. [13] at 10. UPRR, however, is neither headquartered nor incorporated in the Eastern Division, [6-4], and the Court is not persuaded that UPRR's mere presence in the Eastern Division gives Eastern Division residents a co-equal interest in an injury that is entirely connected to people and events in the Western Division. These factors weigh in favor of transfer.

Overall, the public interest factors weigh in favor of transferring the case to the Western Division.

### C. Overall Balance of Factors

This action has far more connection to the Western Division than the Eastern Division. Fransen's injuries and subsequent medical treatment occurred in the Western Division. Fransen and the witnesses who have been identified are located closer to the Western Division's courthouse in Rockford, Illinois. Indeed, aside from his preference to litigate in the Eastern Division, Fransen has pointed to no factor favoring the Eastern Division, and that preference is given less deference as Fransen

himself resides in the Western Division and the events in question occurred in the Western Division. The Court therefore finds that, on balance, the 28 U.S.C. § 1404(a) factors weigh in favor of transfer.

## III.  Conclusion

For the stated reasons, Defendant's Motion to Transfer Venue [5] is granted. The Clerk of the Court is hereby directed to transfer this matter to the United States District Court for the Northern District of Illinois, Western Division.

E N T E R:

Dated: July 6, 2026

MARY M. ROWLAND
United States District Judge

11